BRIDGET CLARITY and Others v. MARY E. DAVIS.[1]

April 29, 1904.

Nos. 13,803—(49).

**Will.**

> Evidence considered in a contested will case, and *held*, that it sustains the findings of the trial court to the effect that the testator was competent to make his will, and that its execution was not procured by any undue influence or fraud.

Appeal by plaintiffs, the heirs of John Casey, deceased, from an order of the district court for Stearns county, Searle, J., affirming an order of the probate court of said county admitting to probate the will of decedent. Affirmed.

*R. A. Walsh* and *J. W. Pinch,* for appellants.

*J. D. Sullivan,* for respondent.

START, C. J.

On July 4, 1902, John Casey, a resident of the county of Stearns, this state, died testate, having made his last will on June 22, 1901. The will was duly presented for probate, and was contested by his heirs

[1] Reported in 99 N. W. 363.

at law on the ground, among others, that at the time of its execution the testator was not of sound mind and competent to make a will, and, further, that its execution was procured by undue influence on the part of the legatee therein named. The probate court made its order admitting the will to probate. The contestants appealed from the order to the district court of the county of Stearns, and the matter was there tried by the court without a jury, and findings of fact made to the effect that the testator at the time of the execution of the will was of sound mind and competent in all respects to make it, and that its execution was not obtained by the exercise of undue influence or fraud of any kind by or from any person whatever. Judgment was ordered affirming in all respects the order of the probate court allowing the will, and the contestants appealed to this court from an order denying their motion for a new trial.

The sole question for our decision is whether the findings of fact are sustained by the evidence. The admitted facts in this case are that the testator left, him surviving, no wife or child, but that his sole heirs at law were the contestants herein, a brother and sisters and the children of deceased sisters. He gave by his will all of his estate, which was approximately of the value of $25,000, to the respondent herein, Mary E. Davis, who was taken when she was only three months old by the testator and his deceased wife, and reared by them as their own child, they being childless. It was not until after the death of her foster mother, and a little more than a year before the testator's death, that she learned that in fact she was not their child. She was never legally adopted by her foster parents, but the evidence indicates that the testator regarded and treated her as his daughter, and that he had great confidence in her. For some time prior to the making of his will, he had been addicted to the excessive use of intoxicating liquor, which resulted in cirrhosis of the liver, which seriously affected him physically, and to some extent mentally. On May 19, 1901, Mrs. Davis, the legatee, petitioned the probate court of the county of Stearns for her appointment as guardian of the person and estate of the testator, on the ground that he was incompetent to manage his estate, and that, by reason of excessive drinking, he was so wasting his estate as to expose himself to want. Such proceedings were had on this petition that on June 18, 1901, a final order was made by the probate court appointing

her such guardian; and four days thereafter, and on his petition, the probate court made its order restoring him to capacity, and adjudging that the guardianship should cease. Thereafter, and on the same day, the will in question was made. At this time, and for some weeks prior thereto, the testator was seriously ill, and confined to his bed, under the care of Mrs. Davis, the legatee, his nurse, and his physician, during which time Mrs. Davis had charge of and managed his money and business affairs.

In view of these admitted facts, and the relation existing between the legatee and the testator, the claim of the appellants that the burden was upon the respondent to show by clear and satisfactory evidence that the testator was mentally competent to make his will, and that its execution was not procured by any undue influence or fraud, is, as it must be, conceded by the respondent. We have attentively considered the whole of the evidence in this case, and we are of the opinion that, tested by the rule stated, it clearly sustains the findings of the trial court. The testimony of the testator's physician, his attorney, and his nurse, if credible—and of this the trial court was the judge—leaves no fair doubt as to his mental competency to make his will, and fairly shows that the will was the result of his own free agency, and that it was his will, and not the will of another.

Order affirmed.