# CASES

ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

THE CHICAGO UNION TRACTION COMPANY *et al.*

*v.*

THOMAS MEE.

*Opinion filed October 24, 1905—Rehearing denied Dec. 6, 1905.*

1. STREET RAILWAYS—*when presumption of negligence does not arise.* Proof that a passenger on a street car, using due care for his safety, was injured as a result of a collision between a passing wagon and the car, does not raise a presumption of negligence on the part of the street car company.

2. INSTRUCTIONS—*when instructions as to the burden of proof should be given.* Where the question whether defendant's street car upon which plaintiff was riding ran into a wagon or the wagon backed into the car is sharply contested, it is error to refuse instructions holding that the burden of proof is not upon the defendant to show that it was not guilty of negligence, but is upon the plaintiff to prove, by a preponderance of the evidence, that the defendant was guilty of negligence, and that in default of such preponderance the verdict should be for the defendant.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is an action in case, brought by the appellee against the appellant companies to recover damages for a personal injury, resulting from a collision between a street car and a wagon. The plea to the declaration was the general issue. The trial of the cause resulted in verdict and judgment in favor of the appellee for $8000.00. This judgment has been affirmed by the Appellate Court, and the present appeal is from such judgment of affirmance.

The declaration, as finally amended, alleges, among other things, as follows: "That on September 9, 1901, the Chicago West Division Railway Company was the owner of a certain street railway extending along Twelfth street in the city of Chicago, and that before that time the said Chicago West Division Street Railway Company had surrendered and delivered possession and control of said railway to the West Chicago Street Railroad Company, and said latter company afterward, and prior to the time of the injury complained of, delivered and surrendered possession and control of said railway to the defendant, the Chicago Union Traction Company; that the last named company from said time to, and subsequent to the time of the injury aforesaid, was possessed of and operated said railway and certain street cars thereon as a common carrier of passengers for hire; that the plaintiff at the time and place aforesaid became and was accepted by the defendant, the Chicago Union Traction Company, as a passenger for hire on one of said defendant's street cars, which it was then and there operating eastward on said railway; that, when said car reached the vicinity of May street and said railway, the defendant, the Chicago Union Traction Company, through its servants in charge of the management and operation of said car, then and there so recklessly, carelessly and negligently ran, managed and operated said car that as a direct result, and in consequence of said reckless, negligent and careless manner in which said servants ran, managed and operated said car, the said car then and there ran into and collided with great force and

violence against a certain wagon then and there on said street, and the plaintiff, while he was riding on said car as such passenger for hire, and while he was exercising ordinary care and caution for his own safety, was thereby then and there, as a direct result of said collision, crushed and injured, and his left arm was crushed, sprained, dislocated and broken," etc.

John A. Rose, and Albert. M. Cross, (W. W. Gurley, of counsel,) for appellants.

James McShane, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

When the injury, for which damages are sought in the present suit, happened to appellee, he was riding on one of appellants' cars, traveling eastward on Twelfth street. There were two tracks in the street; on the north one of these tracks cars ran westward, and on the south track cars ran eastward. Appellee was in the car on the south track and was approaching May street, which crosses Twelfth street and runs north and south. There was a fire-engine and truck house on the south side of Twelfth street just west of May street, and partly in May street itself. The accident happened on September 9, 1901, and the car, in which appellee was riding, was an open car with an aisle running through the center and short seats on either side of the aisle, some facing towards the front of the car and some facing towards the rear of the car. Appellee was sitting on the first seat next to the partition, which was partly glass, between the front platform of the car and the body of the car. He was facing westward, and, therefore, had his back towards the front of the car. As the car going eastward approached May street, there was a wagon, proceeding eastward, in front of the car, and upon the south track of the appellant companies, in

Twelfth street. Just before the car reached the engine house on May street, the driver of the wagon turned south with a view of leaving the track. The wagon was what was known as a hay wagon, used for hauling hay, and upon it was a large platform some sixteen feet long, and projecting two or three feet on each side over the wheels of the wagon. It is conceded that, when the accident occurred, the driver had turned his horses and, also, the front wheels of the wagon out of the track southward.

The dispute between the parties is whether or not the driver had driven his wagon entirely off the track before the collision occurred, or whether the car advanced against the wagon before it left the track. The front of the car appears to have passed the wagon without injury, but the middle of the car struck the north-west corner of the wagon, and several of the stanchions of the car were broken and one or more of the seats were torn out, and plaintiff was thrown out of the car and injured.

The theory of the appellee is that the motorman, who was propelling the car, ran the car into the end of the wagon before it had left the track, and while a part of the rear of the wagon was still on the track. The theory of the appellants is that the wagon had left the track, and had gone a sufficient distance south of the south rail of the track to justify the motorman in moving the car along with a view of passing the wagon; that, after the driver of the wagon had driven his wagon off the track, he ran against a telephone or telegraph pole, standing on the south side of Twelfth street and near the sidewalk curb, and was thereby forced to back his wagon, so as to run against and strike the car. Appellants contend that, when the horses or the pole of the wagon ran against the telephone pole, either the driver backed his wagon, or the horses themselves involuntarily backed, so as to push the wagon against the car. It is urged in support of this theory that the front part of the car was not struck, but the middle of the car was struck, showing that

a portion of the car had passed the wagon before the collision occurred. On the one side, it is contended that the motorman ran his car into the wagon before it left the track, and, on the other side, it is contended that the motorman was moving his car along after the wagon had left the track, but that the wagon backed in the way stated, and struck his car. If the theory of the appellee is correct, then the appellants were guilty of negligence in attempting to move the car or train of cars along the track before the wagon had left it. If, however, the theory of the appellants is true, then the collision occurred because of the backing of the wagon onto the track after it had left the same and the consequent striking of the car by the wagon, in which latter case the collision was not the fault of the appellants, but was either the fault of the driver of the wagon, or was an inevitable accident.

The appellee introduced testimony on the trial below, tending to show that the wagon had not left the track when it was struck by the car. The appellants introduced testimony, tending to show that the wagon left the track and then backed against the car and struck it. There was a sharp conflict in the testimony as to whether or not the wagon had actually left the track when the collision occurred, or whether it backed up against the car after it had left the track. In view of this conflict in the evidence it was important that the jury should be correctly instructed as to the law of the case.

Appellants assign as error the giving of certain instructions on behalf of the appellee by the trial court, and the refusal of certain instructions asked by the appellants. In the view we take of the case it is only necessary to consider the action of the court in refusing to give instructions, numbered 8 and 9, asked by the appellants. Those instructions are as follows:

8. "The court instructs the jury that the burden of proof is not upon the defendants to show that they are not guilty of the specific negligence charged in the declaration, or in some count thereof, but the burden is upon the plaintiff to

prove that the defendants are guilty, and also to prove that he himself was in the exercise of ordinary care for his own safety, and this rule as to the burden of proof is binding in law, and must govern the jury in deciding this case. The jury have no right to disregard said rule or to adopt any other in lieu thereof, but in considering the evidence and coming to a verdict, the jury should adhere strictly to said rule.

9. "The jury are instructed that the plaintiff is required by law to establish his case by a preponderance of the evidence before he can recover. If the plaintiff in this suit has not so established his case, or if the evidence is evenly balanced so that the jury are in doubt and unable to say on which side is the preponderance, or if the preponderance of the evidence is in favor of the defendants, then, in either of these cases, the verdict should be not guilty."

The accident in this case was the result of a collision between a car of the appellants and a wagon upon the street. In *Chicago City Railway Co.* v. *Rood,* 163 Ill. 477, it was held as follows: "Proof that a passenger was injured while exercising ordinary care is not sufficient to raise a presumption of negligence against the carrier, unless it is shown that the cause of the injury was in some manner within its control. The fact that a passenger on a street car, while exercising ordinary care, was struck by a passing wagon and injured, does not, of itself, raise a presumption of negligence against the street car company." And in the *Rood case, supra,* it was said (p. 482) : "Where the injury occurs by reason of any defect in the machinery, or cars, or apparatus, or track of the carrier, or where there is anything improper or unskillful or negligent in the conduct of its servants, or unsafe in the appliances of transportation, the presumption then arises in favor of the negligence of the carrier, and the burden of rebutting this presumption is thrown upon it. But if the plaintiff's own evidence shows that the accident was due to a cause beyond the control of the carrier, as the pres-

ence of *vis major,* or the tortious act of a stranger, tending to produce the accident, no such *prima facie* case is made out as will throw the burden upon the carrier of showing that it was not guilty of negligence."

In the case at bar, therefore, there was no presumption in favor of the negligence of the appellants, so as to throw upon the appellants the burden of proving that they were not negligent. On the contrary, the burden of proof was upon the appellee to show that the defendants were negligent. Consequently, the eighth instruction was correct in telling the jury that the burden of proof was upon the appellee to show that the defendants were guilty of negligence; and the instruction should have been given.

It has been said that the term, "burden of proof," has two distinct meanings. "It is used to refer, first, to the duty of establishing the truth of a given proposition or issue by such a *quantum* of evidence as the law demands in the case, whether civil or criminal, in which the issue arises, and, second, to the duty of producing evidence at the beginning, or at any subsequent stage of the trial, in order to make or meet a *prima facie* case." (5 Am. & Eng. Ency. of Law,—2d ed.—p. 22). In *Egbers* v. *Egbers,* 177 Ill. 82, after quoting the foregoing extract from the American and English Encyclopedia of Law, we said (p. 88) : "Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and, unless he meets this obligation upon the whole case, he fails. This burden of proof never shifts during the course of a trial, but remains with him to the end." Here, the burden of proof was upon the appellee to show that the defendants were guilty of negligence, and was not upon appellants to show that they were not guilty of negligence, and this burden of proof did not shift during the trial, but remained with

the appellee to the end. "The burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the plaintiff." (5 Am. & Eng. Ency. of Law,—2d ed.—p. 22).

It is true that the appellee introduced evidence, tending to show that the appellants were guilty of negligence in running their car against the wagon before it had left the track; and after that, the defendants introduced evidence to rebut the case made by the appellee, and tending to show that the wagon backed up against the car after it had left the track. In some of the text books and decisions it is said that, by reason of the introduction of this rebutting testimony by the defendant in the case, the burden of proof is shifted, but "all that is meant by this is that there is a necessity of evidence to answer the *prima facie* case, or it will prevail, but the burden of maintaining the affirmative of the issue, involved in the action, is upon the party alleging the fact, which constitutes the issue; and this burden remains throughout the trial." (Jones on the Law of Evidence, sec. 175).

Instruction numbered 9 should have been given in connection with instruction 8, as requested by the appellants. We see no objection to this instruction numbered 9, as it told the jury that the appellee must establish his case by a preponderance of the evidence before he could recover. It was sufficiently apparent from instructions, given to the jury and not here objected to, that the appellee was bound to prove that he was in the exercise of ordinary care for his own safety when he was injured, and that he was injured in consequence of the negligence of the defendants. Therefore, the jury would necessarily understand that to establish his case the appellee must prove the exercise of ordinary care on his part, and that the defendants were guilty of negligence, which caused the injury. (*Calumet Iron and Steel Co.* v. *Martin,* 115 Ill. 358; *Chicago, Burlington and Quincy Railroad Co.* v. *Warner,* 123 id. 38; *Village of Mansfield* v.

*Moore,* 124 id. 133; *Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 id. 546; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242; *Atchison, Topeka and Santa Fe Railroad Co.* v. *Feehan,* 149 id. 202; *Chicago Terminal Railroad Co.* v. *Schmelling,* 197 id. 619; *Beidler* v. *King,* 209 id. 302).

In *North Chicago Street Railway Co.* v. *Louis,* 138 Ill. 9, it was held to be a requirement of the law that in civil cases the plaintiff must prove his case by a preponderance of the evidence, and it was there held to be error for the court to refuse an instruction to the effect that the plaintiff must make and establish his case by a preponderance of the evidence.

Inasmuch as there was evidence, tending to show that the accident, which caused the injury to the present appellee, was the result of a collision between a car of appellants and a wagon driven by a third person or outside party, and inasmuch as the wagon and the driver thereof were not under the control in any way of the appellants, and inasmuch as no presumption of negligence on the part of the appellants necessarily arose because of the injury, and inasmuch as the burden of proof was for that reason upon the appellee to show that the appellants were guilty of negligence in producing the injury, and such burden of proof continued to rest upon the appellee, even after the appellants had introduced their rebutting testimony, and throughout the whole of the trial, it was, in our opinion, error for the trial court to refuse to give instructions 8 and 9 asked by the appellants.

It cannot be said that the substance of these instructions was embodied in any other instructions, which were given for either party. Counsel for appellee refers in this connection to instruction numbered 18, given for the appellants, as announcing the doctrine embodied in the refused instruction numbered 8. Instruction numbered 18, however, only states that the burden of proof was upon the appellee to show by a preponderance of the evidence that he was in the exer-

cise of due care, but does not state that the burden of proof was upon him to show that the appellants were guilty of the negligence, which caused the injury. The other instructions referred to by counsel for appellee, as embodying the same principle announced in the refused instruction numbered 8, say nothing whatever about the burden of proof. We are, therefore, unable to say that the appellants were not prejudiced by the refusal of the court to give instructions numbered 8 and 9.

For the reasons above stated, the judgments of the Appellate and superior courts of Cook county are reversed, and the cause is remanded to the latter court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*