## Chicago City Railway Company v. Max D. Ratner.

### Gen. No. 13,246.

1. NEW CAUSE OF ACTION—*when amended declaration does not set up.* A new cause of action is not set up where the original declaration charged that the defendant so carelessly "propelled" its car that a collision occurred and the amended declaration alleged that said defendant so carelessly "conducted and managed" its car that there was a collision.

2. NEGLIGENCE—*what allegation of, sufficient.* A general allegation of negligence in the management of a car is sufficient.

3. PASSENGER AND CARRIER—*when abstract instruction with respect to duty of latter to former, not prejudicially misleading.* An instruction which contains an abstract proposition of law as to the duty of a carrier to exercise the highest degree of care consistent with the practical operation of the road, is not ground for reversal in omitting the elements of reasonableness and practicability of the care that must be exercised, where such elements are referred to in other instructions given.

4. ARGUMENTS OF COUNSEL—*what essential to reversal because of*

*improper language.* It is only in flagrant cases of impropriety in argument that a reversal will be awarded.

5. REMARKS OF TRIAL JUDGE—*when not ground for reversal.* Remarks of the trial judge in necessarily ruling upon a motion, if not apparently prejudicial, do not afford ground for reversal.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed May 13, 1907.

**Statement by the Court.** The appellee as plaintiff recovered on June 2, 1906, in the Superior Court of Cook county, a judgment against the appellant company as defendant of $1,000, and from that judgment this appeal is taken.

The action in which the judgment was recovered was brought September 9, 1904, against the appellant and the Atlas Brewing Company to recover damages for a personal injury suffered by plaintiff in an accident on May 15, 1903, while he was a passenger of the Chicago City Railway Company. The accident was a collision between a car of the Chicago City Railway Company and a truck of the Atlas Brewing Company. The car was running northerly on South Halsted street in Chicago, at its intersection with Thirtieth street, and the truck had come west on Thirtieth street and was turning into South Halsted street. The plaintiff was standing on the front platform of the car and claimed to have been thrown on the floor of the car and to have suffered severe bodily injuries, including the breaking of two ribs. He contended that the collision was the result of the negligence both of the motorman and the truck driver, and sued the employers of both.

The first declaration in the cause was filed October 28, 1904. It was inartificially drawn, and is spoken of by both parties as though it consisted of two counts, which is implied also in some words contained in it. While, however, it contains the usual introductory words of a count in two places, and seems to treat of each defendant separately to some extent, the most material allegation is that "the de-

fendants then and there negligently and wrongfully caused a collision to occur by which the plaintiff received severe injuries, etc."

The defendants severally demurred to the declaration generally and specially, assigning as the grounds of special demurrer "misjoinder" of counts (referring to the separation of defendants), and uncertainty or vagueness in the description of the alleged negligence.

March 6, 1906, the plaintiff confessed the demurrers of the defendants, and took leave to file an amended declaration instanter. The amended declaration filed on the same day was in one count and artificially drawn as to the joinder of defendants, and charged the Chicago City Railway Company with so negligently, improperly and carelessly conducting and managing its cars that the truck and horses of the defendant, the Atlas Brewing Company, and the said car in which the plaintiff was a passenger, collided and came together with force and violence, etc. It charged the Atlas Brewing Company also with negligently driving and directing its truck and horses.

To this declaration each defendant filed pleas of the general issue, and also pleas of the Statute of Limitations, in which last pleas they alleged only that the supposed causes of action did not accrue to the plaintiff within two years before the filing of the *amended* declaration.

The plaintiff filed replications to these pleas of the Statute of Limitations, in which he asserted that the cause of action set up in the amended declaration is the same cause of action set up in the original declaration filed October 23, 1904, and that this he was "ready to verify as by the record remaining in said court will appear."

The trial of the cause was begun before a jury March 14, 1906.

After the evidence for the plaintiff had been produced, the counsel for the City Railway Company moved the court to strike from the files the replication before described to its plea of the Statute of Limitations. This motion was denied and an exception was saved to the ruling. Counsel for the

Railway Company then moved to exclude from the jury the evidence that had been offered, and for a peremptory instruction. This motion was denied and an exception taken.

A similar motion for a peremptory instruction in behalf of the Atlas Brewing Company was allowed by the court, and the instruction given. After a verdict of "not guilty" had been, in accordance with said instruction, returned as to the Atlas Brewing Company, the Chicago City Railway Company proceeded to offer evidence in defense. After all the evidence was concluded, the motion for a peremptory instruction was renewed by the City Railway Company and again denied, to which an exception was again taken.

The jury returned a verdict against the Railway Company for $1,500, and the court, after a *remittitur* of $500 entered by the plaintiff, overruled a motion for a new trial and a motion in arrest of judgment and gave judgment on the verdict for $1,000.

In this court the Railway Company, under its assignments of error, has urged that the court erred in not holding the action barred by the Statute of Limitations, and also that the verdict was against the manifest weight of the evidence, and that because of this and also because of erroneous instructions and improper remarks by the trial judge and counsel before the jury, and on the ground that the damages assessed were excessive, a new trial should have been granted.

WILLIAM J. HYNES and C. LEROY BROWN, for appellant; MASON B. STARRING, of counsel.

ADOLPH D. WEINER, for appellee; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The first question to be decided, according to the argument of the appellant, is whether the trial court properly held that the Statute of Limitations was not a bar to this action.

It is a little difficult to determine what exact ruling of the court is challenged by the assertion that this plea is good and the replication thereto is bad, for that assertion was never brought to an express issue for the court to pass on so far as appears from the record before us.

The court refused to strike the replication from the files, but whether this motion was considered as a substitute for a demurrer to the replication, or as a demand for an inspection of the record by the court and a decision thereon, or whether it was a mere attack upon the method attempted of raising the issue, we do not know.

We think that plaintiff had the option, properly enough, of pursuing the pleading by such a replication as he filed— Gibbs v. Crane Elevator Co., 180 Ill., 191—or by demurring. C. & N. W. Ry. Co. v. Gillison, 173 Ill., 264.

At all events, if the defendant had demurred to the replication, the question would have been then brought to an issue for and decision by the court.

As, however, the evidence all tended to show an injury to the plaintiff on May 15, 1903, and the trial judge had before him the record, which showed the amended declaration not to have been filed until March 6, 1906, which was more than two years thereafter, we may assume that when he refused to take the case from the jury at the close of the plaintiff's evidence, he decided that the amended declaration stated no new cause of action and no different cause of action from that set forth in the original declaration, and in consequence that the statute did not bar the action. On that assumption, we think he ruled correctly.

The original declaration did indeed say that the Chicago City Railway so carelessly *"propelled"* its car that a collision occurred, and the amended declaration says that the company so carelessly "conducted and managed" its car that there was a collision. But we are not impressed with the strength of the argument by which it is urged that the words "conducting and managing," being more comprehensive than "propelling," a new cause of action is set up by them. Nor

do we agree with counsel that the original declaration, taken together, fails to show what the car collided with.

We do not think that we can make it, by discussion, clearer than does a consecutive reading of the declarations, that if the original declaration was bad, it was because it was a defective statement of the good cause of action set forth in the amended declaration.

Passing to the merits of the case, we cannot see how it can reasonably be said that the finding of the jury that the defendant was liable was so manifestly against the weight of the evidence that we should disturb it for that reason. It is unnecessary for us to go into the evidence in any detail. The plaintiff's own testimony, the testimony of McTigue, a fellow passenger, and of William Haack, a bystander, certainly tend to establish negligence in running ·the car too fast and without sufficient attention to what might come from the east at the corner of Thirtieth Street. We fail to see the inherent improbability in it that counsel for appellant would point out, or that there is anything in the testimony offered for the defendant which so demonstrates the blamelessness of the motorman for the accident as to exonerate the appellant. There was at least a question for the jury under proper instructions.

Of the eighteen instructions, sixteen of them were given at the request of the defendant, and as a series and taken together they certainly laid down the law fully and favorably for it.

The allegation of negligence in the management of the car was a general one in this case. It was not necessary to make it more specific. Counsel cite Chicago Union Traction Co. v. Mee, 218 Ill., 9, to show that proof that plaintiff was a passenger when the collision occurred did not throw the burden of explanation on the carrier, according to the general rule of evidence in a suit for a personal injury to a passenger by a railroad accident. Careful analysis of the case might show, we think, that it was not intended to say that if the company "had run their car against the wagon before the wagon· left the track" (page 16), the burden of

showing that they were guilty of no negligence in doing it
would not be upon them, but only that as the company in-
troduced evidence tending to show that the wagon after it.
left the track backed up against the car, the burden of
proving that this, or a similar tortious or negligent act of a
stranger, was not the sole cause of the accident, remained
with the plaintiff.

But however this may be, the jury were not instructed on
any theory concerning the presumption or burden of proof
of which, under any construction of the Mee case, appellant
can rightfully complain.

We do not think that in connection with the other instruc-
tions in the cause, any reasonable man would have concluded
from the first instruction that it meant anything more than
that the company was bound to the exercise of "the highest
degree of care consistent with the practical operation of the
road" *in the conduct and management of its car,* careless-
ness in which is the gist of the declaration.

As to the second instruction, which is an abstract proposi-
tion of law entirely correct, the objection is made that it is
misleading and erroneous as applied to the facts of this case,
because it omits the elements of reasonableness and prac-
ticability in the care that must be exercised.

Were this an instruction that directed a verdict, or an in-
struction which was the sole one given in the cause, there
might be point to the objection. As it is, there is none.
The "2" might well be omitted and the sentence considered
as the concluding paragraph of instruction ("1"). It
could be so considered without violence to the sense.

In connection with the several full, fair and favorable in-
structions given at the request of the defendant on the sub-
ject of the nature of the care required from the company in
this particular case, the second instruction could have mis-
led no one.

It is said that improper remarks were made by the court
and counsel, which may have influenced the jury. There
were remarks by counsel in argument which should not have
been made, and so the trial judge held. But they were

promptly rebuked, and we do not think they amounted to reversible error.    It is only in flagrant cases of impropriety in argument that such drastic action as reversal is necessary. We do not think this such a case.

We see no reason for criticising the remark of the judge which is complained of.    The construction given to it by counsel for appellant is forced.    It was nothing but a colloquial method of expressing his opinion that he ought not to take the case from the jury.    It is unreasonable to suppose that it influenced the jury in any way, even if it were heard by them.

It is also urged that the damages are excessive.    The plaintiff perhaps was disposed to exaggerate his injuries, and may have recovered more completely than he would have had the jury believe.    But it is reasonably certain that his shoulder was dislocated and two ribs broken.

The verdict was not so large as to show by its amount passion or prejudice, and the judgment, after the *remittitur,* does not seem to us excessive.    It is affirmed.

*Affirmed.*