**Abraham Abramovitz, a minor, by Meyer Abramovitz, his next friend, Plaintiff in Error, v. Chicago City Railway Co., Defendant in Error.**

### Gen. No. 17,245.

1. NEGLIGENCE—*questions for jury.* In an action for injuries to a boy struck by a crowbar, whether the defendant's employe handled the bar in a negligent and unskilful manner, *held,* under the evidence, properly submitted to the jury.

2. NEGLIGENCE—*instruction.* In an action for injuries to a boy struck by a crowbar, an instruction that the burden of proof was not upon the defendant to show that it was not guilty of the specific negligence charged in the declaration but upon the plaintiff to prove the defendant guilty was not misleading.

3. NEGLIGENCE—*burden of proof.* In an action for injuries from negligence, the burden resting on the plaintiff to prove the specific negligence charged in the declaration does not shift.

Error to the Superior Court of Cook county; the Hon. Marcus A. Kavanagh, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

Adler & Lederer, for plaintiff in error.

John E. Kehoe and Watson J. Ferry, for defendant in error; Leonard A. Busby, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

This case was submitted to the jury on plaintiff's evidence, and the verdict was for defendant. The record presents two questions for our consideration: (1) whether the verdict was against the weight of the evidence, and (2) whether there was error in giving an instruction relating to the burden of proof.

Plaintiff in error, a minor eleven years old, while standing on a public sidewalk, was struck and injured by a crowbar which, in some manner, flew out of the hands of one or more agents of the defendant company while they were moving a steel rail in the street toward the curb. The negligence charged in the first count of the declaration is that one of defendant's servants conducted himself so negligently and unskilfully that the crowbar slipped from his hands; in the second count, that the defendant provided its said servant with a crowbar of insufficient strength so that it broke and slipped from his hands; and in the third count, that the defendant employed a person insufficiently skilful in the use of a crowbar.

The four witnesses who observed the accident, including the boy himself, differed as to whether one or more persons had hold of the crowbar. Their evidence tended to show that the rail was being moved by the use of crowbars toward the curb; that one of the crowbars flew up, as the rail was turned, out of the hands of one or more men, and hit the boy. Just how the

accident happened or what caused it did not appear. The first witness, a woman, thought several men had hold of the crowbar and that suddenly it slipped some way and flew over and hit this boy; she saw the men trying to move the rail, but how she could not tell. The next witness, a boy, said, ''The laborers had their crowbars into the holes on each end of the rail. The rail went over and the crowbar in one of the laborer's hands slipped and it went over and struck this boy.'' He did not know whether more than one man had hold of that crowbar. The third witness, a man, testified that the men used crowbars in turning over the rail; that they stuck the crowbar in one of the holes; that when this rail rolled over, it threw the bar and struck the boy, and that only one man had hold of the bar at the time of the accident. He further testified that as the rail was going over it took the crowbar with it; and again, that in going over, it struck the crowbar in the hands of the man that had it; and again, that as it turned over, it flew in the air and struck the crowbar out of the hands of the man that held it and struck the boy. He also said he saw the man handling the crowbar put it in the hole and begin to turn over the rail, and that that was when the bar got away from him.

It is a little difficult to reconcile these several statements, but none of them, standing by itself, nor all together, seem to us, as contended by plaintiff in error, to make a *prima facie* case of negligence, especially the specific negligence alleged. Both the question of negligence and of the exercise of ordinary care by the boy were, under the instructions bearing thereon, of which no complaint is made except as hereinafter referred to, properly submitted to the jury, and we are unable to say that their finding is not justified by the record. In the absence of a description and size of the hole in the rail, and of the crowbar, or of any other circumstance that would throw light upon the manner of using it, it cannot be said that it was negligence *per se*

to insert the crowbar in the hole, and it is mainly from that fact that the inference of negligence is sought to be drawn.

The instruction complained of told the jury that the burden of proof was not upon the defendant to show that it was not guilty of the specific negligence charged in the declaration, but upon the plaintiff to prove the defendant guilty. Such instruction was not misleading, especially in view of all the instructions given. As a matter of law the burden of proof never shifts. Chi. Un. Tr. Co. v. Mee, 218 Ill. 9.

The verdict of the jury and judgment will not be disturbed.

*Affirmed.*