IN RE ESTATE OF JAMES KEELEY, DECEASED.
M. H. KEELEY v. MARY OCHS AND OTHERS.[1]

April 16, 1926.

No. 25,173.

**Undue influence in making of will.**

1. In a will contest on the ground of undue influence the burden of proof is on the contestant throughout the case. When it is made to appear that a beneficiary of a substantial portion of the estate sustains a fiduciary or confidential relation with the testator and acts as the scrivener in drawing the will or controls its drafting, such facts alone will make a prima facie case and will sustain a finding of undue influence.

**Finding of such influence sustained.**

2. Record examined and *held* sufficient to support a finding of undue influence.

Wills, 40 Cyc. p. 1150 n. 91; p. 1152 n. 11; p. 1165 n. 86; p. 1169 n. 15; p. 1171 n. 35.

See note in 28 L. R. A. (N. S.) 271.
See notes in 17 L. R. A. 494; 36 L. R. A. pp. 724, 733.
28 R. C. L. p. 145; 4 R. C. L. Supp. p. 1802; 5 R. C. L. Supp. p. 1517.

Objections were filed in the probate court for Waseca county to the allowance of the will of James Keeley, deceased. M. H. Keeley, named as executor of the will, appealed from an order, R. R. Brown, J., disallowing the probate of the will to the district court where the appeal was heard by Senn, J., who affirmed the order of the probate court. M. H. Keeley appealed from an order denying his motion for a new trial. Affirmed.

*A. B. Childress,* for appellant.

*Moonan & Moonan,* and *Gallagher, Madden & Gallagher,* for respondents.

[1]Reported in 208 N. W. 535.

WILSON, C. J.

The appeal is from an order denying a motion for a new trial.

James Keeley died May 4, 1924, at the age of 76 years leaving an estate valued at $58,000. His brother, the appellant herein, was about five years younger and has now been a lawyer for nearly 50 years. On December 22, 1921, decedent made a will, which was in the handwriting of the brother who by its terms was to receive all the property except about $2,500 to be given to nephews and nieces and a small amount to his church. The brother was named as executor. On the day of the execution of the will these two men deposited it with the probate court for safe-keeping. On that date the relation of attorney and client existed between the brother and decedent. As brothers their relations were cordial and affectionate.

Subsequent to the execution of the will the brother by letter advised decedent against consulting an attorney relative to some business matters not here important. He also wrote another letter to decedent, intimating that he anticipated an application for a guardian over decedent. It was apparently supposed that if such application were made it would be at the request of some of the respondents. These letters possibly contained some good advice, but they were susceptible of a construction tending to corroborate the claim of undue influence. The one may have been intended to conceal the existence of the will and the other to poison the mind of decedent against his nephews and nieces so that he would not change his will. The record shows declarations of decedent inconsistent with the will. The impaired mentality of decedent, incident to age as disclosed by the evidence, permits the inference that he was susceptible to influence from the appellant. Under such circumstances the fact that no one but appellant knew whether the contents of the will were known to the testator, is important.

The mere fact that a confidential or fiduciary relation existed, with opportunity to exercise influence, does not establish undue influence. Here we have such a situation as well as activity on the part of the beneficiary in drawing the will, and its execution was under such circumstances that no living person but the beneficiary knew whether the testator knew the contents of the will.

This court has in a number of cases involving undue influence made reference to inferences, shifting of burden of proof, presumptions and prima facie case:

Clarity v. Davis, 92 Minn. 60, 99 N. W. 363:

"The claim  *  *  *  that the burden was upon the respondent (proponent) to show  *  *  *  that its execution was not procured by any undue influence  *  *  *  is, as it must be, conceded."

Fischer v. Sperl, 94 Minn. 421, 103 N. W. 502:

"But, in connection with sufficient other circumstances, these facts may make out a prima facie case of undue influence, sufficient to cast upon the principal beneficiary the burden of establishing the validity of the will in this respect."

Tyner v. Varien, 97 Minn. 181, 106 N. W. 898:

"Generally the burden of showing that a will was procured by undue influence rests upon those who assert the fact; but when the contestants have made a prima facie case, by the production of evidence from which the presumption of undue influence arises, the burden is then upon the proponents to show that the instrument is the will of the testator. It is not very material whether we say that in such a case the burden shifts, or that the evidence produced, aided by the presumption which arises therefrom, is evidence sufficient to make a prima facie case.  *  *  *  What is meant is that a point is reached when the contestant prevails unless the proponent assumes the obligations of going forward with his evidence."

In Re Howard v. Farr, 115 Minn. 86, 131 N. W. 1071:

"Even in the case of a gift from parent to child, or child to parent, while the court will scrutinize carefully the circumstances of the transaction, the presumption is in favor of its validity, and in order to set it aside on the ground of undue influence the court must be satisfied that it was not the voluntary act of the donor; the burden of establishing such fact being upon the party contesting the gift."

Buck v. Buck, 122 Minn. 463, 142 N. W. 729:

"  *  *  *  when the contestants have made out a prima facie

case by the production of evidence from which the presumption of undue influence arises, the burden is then upon the proponents to show that the instrument is the will of the testator."

In Re Estate of Jernberg, 153 Minn. 458, 190 N. W. 990:

"When such opportunity arises out of confidential relationship, such as that of religious adviser and parishioner, and there are bequests to the one sustaining the confidential relation, and also active participation on his part in the preparation of the will, and acts of evasion on his part, these facts, coupled with singularity of provisions in the will and disinheritance of relatives, are indeed important circumstances to be considered in passing on the validity of the will and may sustain an inference of undue influence. Some authorities state that when such facts and circumstances appear, undue influence is presumed and the burden of proof is shifted to the proponent."

Boynton v. Simmons, 156 Minn. 144, 194 N. W. 330:

"Where the beneficiary sustains confidential relations and drafts the will, or controls its drafting, it is variously stated, the phraseology and perhaps the precise thought changing from case to case, with some attendant confusion of expression and meaning, that a presumption of undue influence arises, or that an inference to that effect may be drawn as a fact, or that the facts stated make a prima facie case, or that the case is one for scrutiny."

We think the writers of our decisions had much the same thought in mind though expressed differently. We think it better to eliminate as far as possible the confusion that may frequently be incident to the idea or thought of a shifting of the burden of proof. The expression is inapt. In re Estate of Jernberg, supra; Lebens v. Wolf, 138 Minn. 435, 165 N. W. 276, L. R. A. 1918C, 868. The burden does not shift. O'Brien's Appeal, 100 Me. 156, 60 Atl. 880; Compher v. Browning, 219 Ill. 429, 76 N. E. 678, 109 Am. St. 346; Chicago U. T. Co. v. Mee, 218 Ill. 9, 75 N. E. 800, 2 L. R. A. (N. S.) 725, 4 Ann. Cas. 7. The burden of proving undue influence is upon the contestant. Rasmussen v. Evans, 150 Minn. 319, 185 N. W.

297. When many of the courts have said that the "burden of proof has shifted," they have meant that there is a necessity of evidence to answer the prima facie case or it may prevail, but the fact remains for the court or jury to say whether a prima facie case of this character shall prevail. Again the expression "presumption" of undue influence as used in cases of this character usually but not always means a presumption of fact, the result of which is that the beneficiary, in failing to introduce evidence, runs the risk of an adverse decision being rendered by the trier of fact. Sellards v. Kirby, 82 Kan. 291, 108 Pac. 73, 28 L. R. A. (N. S.) 270, note 271, 275, 286, 287, 136 Am. St. 110, 20 Ann. Cas. 214; Horah v. Knox, 87 N. C. 483; 2 Alexander, Wills, § 597, p. 904. Especially is it important when such issue is submitted to a jury to avoid the confusion incident to the loose use of these terms.

We are of the opinion that much difficulty may be avoided by recognizing the rule as being that the burden of proof is on the contestant throughout and that when a beneficiary of a substantial portion of the estate sustains a fiduciary or confidential relation with the testator and acts as the scriviner in drawing the will or controls its drafting, such facts alone will make a prima facie case and will sustain a finding of undue influence. In re Estate of Jernberg, supra; Boynton v. Simmons, 156 Minn. 144, 194 N. W. 330; Abbott v. Church, 288 Ill. 91, 123 N. E. 306, 4 A. L. R. 975; Page, Wills, §§ 408, 414; Gardner, Wills, 159-169; O'Brien's Appeal, 100 Me. 156, 60 Atl. 880; Kirby v. Sellards, 28 L. R. A. (N. S.) 270, note; Griffith v. Diffenderffer, 50 Md. 466; Downey v. Murphy, 18 N. C. 82; Miller v. Livingstone, 31 Utah, 415, 88 Pac. 238; Snodgrass v. Smith, 42 Colo. 60, 94 Pac. 312, 15 Ann. Cas. 548; 2 Alexander, Wills, § 596; note 15 Am. & Eng. Ann. Cas. 551; Paine v. Hall, 18 Ves. Jr. 475; Post v. Mason, 91 N. Y. 539, 43 Am. Rep. 689; Carpenter v. Hatch, 64 N. H. 573, 15 Atl. 219; Crispell v. Dubois, 4 Barb. (N. Y.) 393. This rule will also apply to cases in which the facts and circumstances are less persuasive of undue influence and its use will avoid the perplexing question as to how large the legacy must be in order to place the burden on the beneficiary. Conscious of many authorities in a measure inconsistent with our conclusion, we believe that

this rule will be found practicable, free from difficulty in its application and to rest on sound, safe and simple procedure.

Such facts as here involved, in law, permit but do not command a finding of undue influence. They make a prima facie case which the trier of fact may accept or reject. Such facts call for explanation but still remain questions of fact, whether the preponderance of the proof is with the proponent of the will even if no explanation is made. Failure to explain satisfactorily may be an additional fact of more or less weight. Defendant's evidence may be sufficient to destroy the prima facie case so made. Such prima facie case in this action is strengthened by other evidence. It is opposed by the denials of the appellant. Being an interested party his testimony is not binding upon the court in determining the facts. But he was the nearest relative and naturally to be remembered by decedent. In the absence of a will he would inherit a substantial portion of the estate. There were some reasons for decedent to leave his property to appellant since, as we understand the record, decedent has been substantially the sole beneficiary under the wills of a deceased brother and sister. He may have wished to follow the same course and have all the property go to the appellant who was the only surviving member of their family. This was, as previously had been done, in disregard of the nephews and nieces.

The court had a right to consider, as bearing upon his credibility, appellant's unethical conduct inherently involved in such transaction. Propriety and delicacy would infer that he should not have handled the transaction. If a lawyer is fortunate enough to be named as a beneficiary in his client's will for a substantial amount, his professional honor should prompt him to insist on the testator having the will prepared by someone else, so that neither he nor his profession may be the subject of criticism. If the transaction is an honest one, there is no reason to permit the existence of suspicious circumstances. If circumstances should demand that he draw such will, he should at least surround himself with sufficient proof to show beyond controversy that it was the testator's will. Testator's knowledge of the will should not be made to rest alone upon the statement of such beneficiary.

We construe the composite conclusion reached by this court in its former opinions to be that the main facts as herein stated made a prima facie case but no more. The record disclosing the evidence which we have mentioned in support of and against such prima facie case permitted the court to find either way as it might have done on the prima facie case alone. Under the well-established rule as stated in Woodville v. Morrill, 130 Minn. 92, 153 N. W. 131, we cannot interfere.

It is unnecessary to consider the other questions presented.

Affirmed.