194 N.W.2d 289 (1972)
In re ESTATE of William REILAND, Decedent.
Edna BLANK, Appellant,
v.
Cyril KRAMER, executor of the Estate of William Reiland, Decedent, Respondent.
No. 42261.
Supreme Court of Minnesota.
January 28, 1972.
Stephenson & Castner, Minneapolis, for appellant.
Price & Dunlap, Rochester, for respondent.
Heard before KNUTSON, C. J., and MURPHY, OTIS, ROGOSHESKE, and HACHEY, JJ.

OPINION
PER CURIAM.
This is a will contest in which one of the decedent's stepchildren seeks to prove that decedent lacked testamentary capacity and that the will was the product of undue influence exerted by an attorney-scrivener whose father was a beneficiary. The trial court found against the contestant and we affirm.
The decedent, William Reiland, by wills dated April 26, 1960, and April 13, 1961, named his stepchildren as beneficiaries. After the death of his wife, who was the mother of the contestant, decedent executed a will, dated July 15, 1965, in which he expressly omitted the stepchildren and bequeathed the sum of $10,000 to the father of the attorney-scrivener.
1. The trial in district court was conducted without a jury. Contestant asserts that this was error. Minn.St. 525.72 specifies that appeals from probate court shall be tried by the court without a jury unless the court orders otherwise. We have given effect to the statute in In re Estate of Enyart, 180 Minn. 256, 230 N.W. 781 (1930), by holding that in cases of this kind, the question of whether the court will impanel an advisory jury is within its absolute discretion.[1]
2. On the question of testamentary capacity, the attorney-scrivener took the precaution of having decedent's attending physician act as an attesting witness. The doctor was satisfied that decedent was competent when he signed the will, and the trial court concurred. We hold that the *290 evidence supports the trial court's findings on the issue of testamentary capacity.
3. A more troublesome question is the effect of an attorney's drafting a will in which he or his family have a beneficial interest. We have unequivocally condemned this practice in In re Estate of Keeley, 167 Minn. 120, 208 N.W. 535 (1926), and more recently, in In re Estate of Peterson, 283 Minn. 446, 168 N.W.2d 502 (1969). In the Keeley case, we adopted the following rule (167 Minn. 124, 208 N.W. 537):
"We are of the opinion that much difficulty may be avoided by recognizing the rule as being that the burden of proof is on the contestant throughout and that when a beneficiary of a substantial portion of the estate sustains a fiduciary or confidential relation with the testator and acts as the scrivener in drawing the will or controls its drafting, such facts alone will make a prima facie case and will sustain a finding of undue influence."
We went on to brand the preparation of a will by the beneficiary as unethical and said that professional honor dictates that under such circumstances the will be prepared by someone other than the beneficiary. In the Peterson case, we extended the rule to apply where the attorney-scrivener's children are beneficiaries.[2]
At the time the will was drafted, Canon 11, A.B.A. Canons of Professional Ethics, applied.[3] The Code of Professional Responsibility, subsequently adopted by the American Bar Association, states (EC 5-5):
"* * * Other than in exceptional circumstances, a lawyer should insist that an instrument in which his client desires to name him beneficially be prepared by another lawyer selected by the client."
Where an attorney-scrivener or a member of his family is a beneficiary, his unprofessional conduct not only jeopardizes that bequest, but more important, may constitute undue influence which taints the entire will and destroys the validity of other bequests as well. State v. Horan, 21 Wis.2d 66, 74, 123 N.W.2d 488, 492 (1963). Consequently, by acting as scrivener, an attorney may completely frustrate the intentions of a client who has entrusted him with the solemn responsibility of seeing that his estate is distributed according to his wishes.
In the case at hand, the testator sought out the attorney-scrivener's partner but became impatient with the attorney's inability to confer with him. Consequently, he turned to the attorney-scrivener to perform those services. The father was not only a personal friend of decedent's, but had acted as his counsel. The trial court pointed out that the testator was an alert, strong-minded person who had taken the initiative to have the scrivener prepare the will. Recognizing that an inference of undue influence arises under these circumstances, the court held that there was other evidence sufficient to overcome that inference. We are of the opinion that the record fully supports the court's finding and affirm.
Affirmed.
TODD, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.
NOTES
[1] To the same effect is In re Estate of Murphy, 269 Minn. 393, 131 N.W.2d 220 (1964); and Rules of Civil Procedure, Rule 39.02.
[2] See, also, In re Estate of Perssion, 20 Wis.2d 537, 123 N.W.2d 465, 13 A.L.R.3d 373 (1963); Annotation, 13 A.L.R.3d 381.
[3] Canon 11 provided in part: "The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client."